# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

DON E. DENNIS                                                                                           PLAINTIFF

V.                                                                            NO. 4:08CV00063-MPM-DAS

SECRETARY MIKE JOHANNS, ET AL.,                                                       DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court upon the defendant's motion to dismiss filed on September 17, 2008. The plaintiff failed to timely respond to the motion but, instead, filed a motion for a stay of proceedings and for appointment of counsel on October 10, 2008. Because the plaintiff has failed to allege any facts whatsoever in support of his motion for a stay and for appointment of counsel, the motion should be denied, and the defendant's motion to dismiss should be granted for the reasons that follow.

By Order [doc. 3] dated July 23, 2008, this Court granted the plaintiff's *pro se* motion for leave to file his employment discrimination complaint *in forma pauperis*. The complaint alleges that the plaintiff's former employer, USDA, discriminated against him based on his race and "committed harmful procedural errors [sic] policy violation" regarding a rehabilitation program. As the defendant points out, the plaintiff made the identical allegations in his complaint filed in *Dennis v. Mike Johanns, Secretary, U. S. Dept. of Agriculture*, No. 4:04cv247-WAP-EMB on December 17, 2004. This Court dismissed the complaint in that case with prejudice for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service of process and for failure to state a claim on August 8, 2005. Furthermore, the Fifth Circuit denied the plaintiff's appeal of that decision for want of prosecution on March 31, 2006.

An *in forma pauperis* complaint may be dismissed if it is determined that the action or

appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In order to state a claim, the complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1974 (2007). The complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, dismissal of a complaint is proper "if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations." *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th cir. 1991), quoting *Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors*, Inc., 804 F.2d 879, 881 (5th Cir. 1986). When a successful affirmative defense appears on the face of the pleadings, dismissal for failure to state a claim is appropriate. *Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Texas*, 20 F. 3d 1362, 1366 (5th Cir. 1994). Because the complaint in this case consists of the same parties and the same allegations that arose out of the same facts as alleged in the plaintiff's complaint filed in Cause No. 4:04cv274-WAP-EMB, it is recommended that this *in forma pauperis* action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) as barred by the doctrine of res judicata.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings

2

and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 10th day of November, 2008.

/s/   **David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**